IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BRIAN NOBU PURUGGANAN, #A0166317, | ) ) ) | CIV. NO. 20-00225 HG-RT |
| Plaintiff, | ) ) | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| vs. | ) ) | |
| DEP'T OF PUBLIC SAFETY, et. al., | ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

## ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Before the court is pro se Plaintiff Brian Nobu Purugganan's prisoner civil rights Complaint brought under 42 U.S.C. § 1983. ECF No. 1. Because it is unclear on what bases Purugganan seeks relief, beyond his vague allegations of "Abuse of Authority; Over-abuse of Correction," "Medical Malpractice of Incident Injury," and "violation Policy Right to Veteran's Affairs Health Ctr.," the Complaint is DISMISSED for his failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Purugganan is granted leave to amend his claims on or before July 15, 2020, to cure the deficiencies in his pleadings, if possible.

## I.  BACKGROUND

Purugganan is a Hawaii state prisoner incarcerated at the Saguaro

Correctional Center ("SCC"), located in Eloy, Arizona.  He alleges one claim for relief:

> Denied investigative Info upon Inquiry by victim – pursuant; failure to respond to aid; Denied Medical Treatment; excessive use of force, punishment;

> Increasing disability @ neck, back, pelvic skelatal [sic] system; denied access to Policy Right for Veteran's Affairs Health Cntr, treatments.

Compl., ECF No. 1 at #3.  Attached to the Complaint are four pages of a Hawaii Rule of Penal Procedure 40 petition, in which Purugganan appears to challenge either his original conviction or the revocation of parole based on "Use of a coerced confession," and "Ineffective assistance of counsel."[1]  *Id.* at #5-#8.

Purugganan names as Defendants Department of Public Safety ("DPS") Parole Officer Rinda Brooks and administrators Monica Chun and Alonzo Abordo; and Adult Corrections Officers ("ACOs") David Gerland, Capt. Mooke, Jr., Sgt. Topez.  He does not identify what connection these Defendants have to his claim, when or where the alleged incidents occurred, or facts in support of the Complaint.

---

[1] Purugganan filed a federal habeas petition in the District of Hawaii approximately two weeks before he filed this action.  *See Purugganan v. Dep't of Public Safety*, No. 1:20-cv-00196 JMS-WRP (D. Haw. 2020).  In that case, he challenges "Immigration detention; a Bureau of prisons sentence calculation or loss of good-time credits; Probation, parole or supervised release; State Pre-trial detention;" and/or "charges/Warrants for sex violations    drugs    violations theft incurred 2013    2020 due to unresponsive facility response info upon request-inquiry."  Pet., ECF No. 1 at #1.  He does not explain the basis for habeas relief or identify the conviction, sentence, parole revocation, or pre-trial incarceration that he challenges.

Purugganan seeks:

> To Grant myself my U.S. Constitutional Amendend [sic] Right to Due Process in U.S. Court of Law till exhaustion of U.S. Judicial System; apply Maximum Sentencing to Violators of Law for safety of [community] General Population.

*Id.* at #4.

The State of Hawaii's criminal database reveals that Purugganan pleaded guilty on February 20, 2002, in the Circuit Court of the First Circuit, State of Hawaii ("circuit court"), to attempted manslaughter and terroristic threatening.[2]  *See State v. Purugganan*, Cr. No. 1PC11001440 (Haw. 1st Cir. 2002);[3] available at:

https://jimspss1.courts.state.hi.us (search eCourtKokua, then 1PC11001440; last visit 6/4/2020).  He was sentenced to concurrent terms of twenty-years for attempted manslaughter and five-years for terroristic threatening.

## II.  LEGAL STANDARD

The court is required to screen all prisoner pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from

---

[2] In violation of Hawaii Revised Statutes ("HRS") §§ 705-500, 707-0702, and 707-716.

[3] A court may take judicial notice of undisputed matters of public record, including court records.  *See* Fed. R. Evid. 201(b); *United States v. Raygoza-Garcia*, 902 F.3d 994, 1001 (9th Cir. 2018)

suit must be dismissed.  *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (*en banc*); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6).  *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (citation omitted).  Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).  A claim is "plausible" when the facts alleged in the complaint support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.  *See id.* (citation omitted).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted).  The court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint.  *See Lopez*, 203 F.3d at 1130.  If a claim or complaint cannot be saved by amendment, however, dismissal with prejudice is appropriate.  *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III.  <u>DISCUSSION</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).  Thus, a plaintiff must allege that he suffered a specific injury as a result of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

### A.     **The Complaint Does Not Comply with Rule 8**

Federal Rule of Civil Procedure Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.*

*Gibson*, 355 U.S. 41, 47 (1957)).  Rule 8(a)(2) "requires a 'showing,' rather than a

blanket assertion, of entitlement to relief."  *Id.* at 555 n.3.  To comply with Rule 8, a

complaint must allege sufficient facts to provide defendants fair notice of the claims

so that they can defend themselves effectively.  *See Starr v. Baca*, 652 F.3d 1202,

1216 (9th Cir. 2011); *see also Brazil v. U.S. Dep't of Navy*, 66 F.3d 193, 199 (9th

Cir. 1995) (requiring that complaint provide a "minimum threshold" giving

defendant "notice of what it is that it allegedly did wrong").  A prisoner's complaint

must plausibly suggest entitlement to relief before the Court may order service and

subject the opposing party to the expense of discovery and continued litigation.  *See*

28 U.S.C. §§ 1915(e)(a) and 1915A(a).

Purugganan alleges insufficient facts for the Court to plausibly infer that

Defendants violated his civil rights.  Purugganan does not explain what allegedly

happened, when or where these alleged events occurred or detail what each

Defendant personally did to connect them to his allegations.  As written, the Court is

unable to determine its jurisdiction over Purugganan's claims.  *See* 28 U.S.C.

§ 1331 (defining federal question jurisdiction); § 1343 (defining jurisdiction over

civil rights claims brought pursuant to 42 U.S.C. § 1985); § 1332 (requiring

diversity of citizenship and an amount in controversy exceeding $75,000).  Nor does

venue for Purugganan's claims, such as the denial of medical care that apparently occurred in Arizona, appear to lie in the District of Hawaii. *See* 28 U.S.C. § 1391(b).

While the Court recognizes its duty to construe Purugganan's claims liberally and accept his allegations as true, this duty is "inapplicable to legal conclusions," *Iqbal*, 556 U.S. at 678, which "are not entitled to the presumption of truth." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Purugganan's allegations are even less than the quintessential "legal conclusion couched as a factual allegation or an unadorned, the-defendant-unlawfully-harmed-me accusation." *Keates v. Koile*, 883 F.3d 1228, 1243 (9th Cir. 2018) (internal quotation marks and citations omitted).

Purugganan fails to state a colorable claim for relief showing that the Court has jurisdiction over his claims and that venue lies in this district court. The Complaint is DISMISSED with leave to amend.

## IV.  LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend on or before July 15, 2020. If Plaintiff elects to submit an amended pleading, he must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. An amended pleading must be on the court's prisoner civil rights form and

it will supersede the preceding complaint.  *See Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10.  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

If Purugganan fails to file an amended complaint that cures the deficiencies in his claims, this action may be automatically dismissed and may count as a "strike" under 28 U.S.C. § 1915(g).[4]

## V.  CONCLUSION

(1)  Purugganan's Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1) for its failure to state a colorable claim for relief.

(2)  Purugganan may file an amended pleading on or before July 15, 2020. Failure to file a timely amended pleading that cures the deficiencies in his claims may result in dismissal of this action without further notice and incur a strike pursuant to 28 U.S.C. § 1915(g).

(3)  The Clerk is DIRECTED to send Purugganan a prisoner civil rights complaint form so that he may comply with the directions of this Order.

---

[4]  28 U.S.C. § 1915(g) bars a civil action by a prisoner proceeding in forma pauperis if he or she has had three or more federal actions dismissed as frivolous, malicious, or for failure to state a claim while incarcerated, "unless the prisoner is under imminent danger of serious physical injury."

(4)  Any pending motions are DENIED.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 8, 2020.



Helen Gillmor
United States District Judge